THE PEOPLE *ex rel.* Charles M. Myers, County Collector, Appellee, *vs.* THE CHICAGO GREAT WESTERN RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1912.*

TAXES—*additional levy under amended section 14 of the Roads and Bridges act need not be for some unusual purpose.* Since the amendment of section 14 of the Roads and Bridges act, in 1911, it is not necessary to the validity of an additional road and bridge tax that it be levied on account of some unusual, unforeseen or unexpected event.

APPEAL from the County Court of Ogle county; the Hon. FRANK E. REED, Judge, presiding.

FAISSLER & FULTON, for appellant.

W. J. EMERSON, State's Attorney, (H. A. SMITH, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant filed objections in the county court of Ogle county to the entry of judgment against its property for delinquent road and bridge taxes in four townships of said county. The objections present the validity of road and bridge taxes levied in each of the townships of Lynnville,

White Rock, Marion and Byron under section 14 of the Road and Bridge law in addition to the thirty-six cents authorized by section 13. The county court overruled the objections, rendered judgment for the taxes, and this appeal is prosecuted to reverse that judgment.

The validity of the tax in each case depends upon the sufficiency of the certificates of the commissioners of highways to the board of town auditors and assessor and the reasons therein stated why the consent of said board of auditors and assessor was desired for levying the additional tax. In Lynnville township the certificate stated the additional levy was desired "for the construction of bridges;" in White Rock township it merely stated it was desired for "bridges;" in Marion township for the "purpose of building concrete culverts and bridges," and in Byron township for "extra bridge work." Appellant contends that section 13 of the Road and Bridge act is a limitation on the power of the commissioners to levy road and bridge taxes exceeding thirty-six cents on the $100 valuation for road and bridge purposes and for the payment of outstanding orders. and that section 14 does not authorize an additional levy for ordinary road and bridge purposes specified in section 13, but only authorizes an additional levy on account of some unusual, unforeseen or unexpected event. The construction to be given section 14 and the purposes for which it authorizes an additional levy have had the consideration of the court in *People* v. *DeKalb and Great Western Railroad Co.* (*ante,* p. 290,) *People* v. *Cairo, Vincennes and Chicago Railway Co.* (*ante,* p. 286,) and *People* v. *Wabash Railroad Co.* (*ante,* p. 394,) and need not be again discussed. Under the authority of those cases the taxes objected to were legally levied, and the county court properly overruled appellant's objections and rendered judgment therefor.

The judgment is affirmed.        *Judgment affirmed.*